ETRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Jon Cadenhead*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Cadenhead, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc. an Ohio corporation, Trans Union, LLC, a Delaware limited liability company; Equifax Information Services, LLC, a Georgia corporation; Arizona Public Service, an Arizona corporation; Bank of America, National Association, a North Carolina corporation; and Capital One Bank, USA, NA, a National Association, | **JURY TRIAL DEMANDED** |
| Defendants. | |

NOW COMES THE PLAINTIFF, JON CADENHEAD, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Credit Reporting Act ("FCRA") 15 U.S.C. §1681p., and 28 U.S.C. §§1331, 1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is an Delaware company that maintains a registered agent in Maricopa County, Arizona;

   c. Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in Maricopa County, Arizona;

   d. Arizona Public Service ("APS"), which is an Arizona corporation;

   e. Bank of America, National Association ("BOA"), which is a North Carolina corporation that maintains a registered agent in Maricopa County, Arizona; and

   f. Capital One Bank, USA, NA ("Capital One"), which is a national association that maintains a registered agent in Baltimore County, Maryland.

## GENERAL ALLEGATIONS

6. On or about April 13, 2015, Plaintiff obtained his Experian, Trans Union, and Equifax credit reports and noticed multiple "KD" meaning "Key Derogatory" language on the following trade lines ("Errant Trade Lines"):

   a. Arizona Public Service, Account Number 927XXXX;

   b. Bank of America, Account Number 1XXXX;

   c. Capital One Bank, USA, Account Number 51780523XXXX.

7. These multiple KDs convey to any user or prospective of Plaintiff's credit reports that, not only was a key derogatory incurred on a particular date, but for several months thereafter. These repetitive key derogatory notations are far more punitive and misleading than informative.

3

8. On or about June 25, 2015, Mr. Cadenhead submitted a letter to Experian, Trans Union, and Equifax, disputing the multiple "KDs" on the three (3) above listed Errant Trade Lines.

9. Upon information and belief, Defendants Experian, Trans Union, and Equifax forwarded Mr. Cadenhead's dispute to Defendants Arizona Public Service, Bank of America, and Capital One.

10. On or about July 22, 2015, Mr. Cadenhead received Experian's investigation results, which showed that Experian, APS, and Capital One wrongfully retained multiple charge-offs on their Errant Trade Lines.

11. On or about July 23, 2015, Mr. Cadenhead received Equifax's investigation results, which showed that Equifax and Capital One wrongfully retained multiple charge-offs on the Capital One Errant Trade Line with Account Number 51780523XXXX.

12. On or about July 24, 2015, Mr. Cadenhead received Trans Union's investigation results, which showed that Trans Union, APS, Bank of America, and Capital One wrongfully retained multiple charge offs on their Errant Trade Lines with account numbers 927XXX, 1XXX and 51780523XXXX.

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY APS

13. Plaintiff re-alleges the above paragraphs as if recited verbatim.

14. After being informed by Experian and Trans Union of the Plaintiff's consumer dispute regarding the Errant Trade Lines, APS negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

15. APS negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Trans Union to remove the multiple charge-offs from the Errant Trade Line from Mr. Cadenhead's consumer credit reports.

16. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Cadenhead's consumer credit file with Experian and Trans Union to which it is reporting such trade line.

17. As a direct and proximate cause of APS's negligent failure to perform its duties under the FCRA, Mr. Cadenhead has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

18. APS is liable to Mr. Cadenhead by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

19. Mr. Cadenhead has a private right of action to assert claims against APS arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against APS for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY APS**

20. Plaintiff re-alleges the above paragraphs as if recited verbatim.

21. After being informed by Experian and Trans Union that Mr. Cadenhead disputed the accuracy of the information it was providing, APS willfully failed to conduct a proper reinvestigation of Mr. Cadenhead's dispute.

22. APS willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

23. As a direct and proximate cause of APS's willful failure to perform its respective duties under the FCRA, Mr. Cadenhead has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

24. APS is liable to Mr. Cadenhead for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be

determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against APS for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BOA

25. Plaintiff re-alleges the above paragraphs as if recited verbatim.

26. After being informed by Trans Union of the Plaintiff's consumer dispute regarding the Errant Trade Lines, BOA negligently failed to conduct a proper reinvestigation of the Plaintiff's dispute as required by 15 USC 1681s-2(b).

27. BOA negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Trans Union to remove the multiple charge-offs from the Errant Trade Line from Mr. Cadenhead's consumer credit report.

28. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Cadenhead's consumer credit file with Trans Union to which it is reporting such trade line.

7

29. As a direct and proximate cause of BOA's negligent failure to perform its duties under the FCRA, Mr. Cadenhead has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

30. BOA is liable to Mr. Cadenhead by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

31. Mr. Cadenhead has a private right of action to assert claims against BOA arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BOA for damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY BOA**

32. Plaintiff re-alleges the above paragraphs as if recited verbatim.

33. After being informed by Trans Union that Mr. Cadenhead disputed the accuracy of the information it was providing, BOA willfully failed to conduct a proper reinvestigation of Mr. Cadenhead's dispute.

34. BOA willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

35. As a direct and proximate cause of BOA's willful failure to perform its respective duties under the FCRA, Mr. Cadenhead has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

36. BOA is liable to Mr. Cadenhead for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against BOA for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE

37. Plaintiff re-alleges the above paragraphs as if recited verbatim.

38. After being informed by Experian, Trans Union, and Equifax of the Plaintiff's consumer dispute regarding the Errant Trade Line, Capital One negligently failed to conduct a proper reinvestigation of the Plaintiff's disputes as required by 15 USC 1681s-2(b).

39. Capital One negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation

as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian, Trans Union, and Equifax to remove the multiple charge-offs from the Errant Trade Lines from Mr. Cadenhead's consumer credit report.

40. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. Cadenhead's consumer credit file with Experian, Trans Union, and Equifax to which it is reporting such trade line.

41. As a direct and proximate cause of Capital One's negligent failure to perform its duties under the FCRA, Mr. Cadenhead has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

42. Capital One is liable to Mr. Cadenhead by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

43. Mr. Cadenhead has a private right of action to assert claims against Capital One arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for damages, costs, interest, and attorneys' fees.

## COUNT VI

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY CAPITAL ONE**

44. Plaintiff re-alleges the above paragraphs as if recited verbatim.

45. After being informed by Experian, Trans Union, and Equifax that Mr. Cadenhead disputed the accuracy of the information it was providing, Capital One willfully failed to conduct a proper reinvestigation of Mr. Cadenhead's dispute.

46. Capital One willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

47. As a direct and proximate cause of Capital One's willful failure to perform its respective duties under the FCRA, Mr. Cadenhead has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

48. Capital One is liable to Mr. Cadenhead for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Capital One for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT VII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

49. Plaintiff re-alleges the above paragraphs as if recited verbatim.

50. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Cadenhead as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Cadenhead that was false, misleading, and inaccurate.

52. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Cadenhead, in violation of 15 USC 1681e(b).

53. After receiving Mr. Cadenhead's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Cadenhead has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Experian is liable to Mr. Cadenhead by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VIII

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

56. Plaintiff re-alleges the above paragraphs as if recited verbatim.

57. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Cadenhead as that term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Cadenhead, in violation of 15 USC 1681e(b).

60. After receiving Mr. Cadenhead's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Cadenhead has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Experian is liable to Mr. Cadenhead by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

63. Plaintiff re-alleges the above paragraphs as if recited verbatim.

64. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Cadenhead as that term is defined in 15 USC 1681a.

65. Such reports contained information about Mr. Cadenhead that was false, misleading, and inaccurate.

66. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or

more third parties pertaining to Mr. Cadenhead, in violation of 15 USC 1681e(b).

67. After receiving Mr. Cadenhead's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

68. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Cadenhead has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

69. Trans Union is liable to Mr. Cadenhead by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

70. Plaintiff re-alleges the above paragraphs as if recited verbatim.

71. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Cadenhead as that term is defined in 15 USC 1681a.

72. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

73. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Cadenhead, in violation of 15 USC 1681e(b).

74. After receiving Mr. Cadenhead's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

75. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Cadenhead has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

76. Trans Union is liable to Mr. Cadenhead by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT XI

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

77. Plaintiff re-alleges the above paragraphs as if recited verbatim.

78. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Cadenhead as that term is defined in 15 USC 1681a.

79. Such reports contained information about Mr. Cadenhead that was false, misleading, and inaccurate.

80. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Cadenhead, in violation of 15 USC 1681e(b).

81. After receiving Mr. Cadenhead's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

82. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Cadenhead has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

83. Equifax is liable to Mr. Cadenhead by reason of its violation of the FCRA in an amount to be determined by the trier fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that the court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT XII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

84. Plaintiff re-alleges the above paragraphs as if recited verbatim.

85. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Cadenhead as that term is defined in 15 USC 1681a.

86. Such reports contained information about Mr. Cadenhead that was false, misleading, and inaccurate.

87. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Cadenhead, in violation of 15 USC 1681e(b).

88. After receiving the Plaintiff's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

89. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Cadenhead has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

90. Equifax is liable to Mr. Cadenhead by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED:  October 1, 2015                    NITZKIN & ASSOCIATES

By: _/s/  Trinette G. Kent_
Trinette G. Kent
Attorneys for Plaintiff,
Jon Cadenhead